*The final accounting in* WILLIAM H. LEARY'S *Estate.*

CONSTRUCTION of the act of 1860, limiting bequests to benevolent and charitable corporations.

Where a testator bequeathed his estate in trust to pay an annuity to his wife, &c., and upon her decease to hold for the use and benefit of and convey to a charitable society—Held, that the bequest was valid as to one-half of the estate, and the annuity was chargeable upon that half the bequest of which was good; and that testator died intestate as to the other half.

AARON B. BELKNAP, *for Executor.*

THE SURROGATE. The testator left no children, but leaves a wife surviving him. His will contains the following provisions:

I give, devise and bequeath all the estate, both real and personal, of which I shall die seized or possessed, or in which I shall have any interest at the time of my death, to my friends James Hunter, merchant, John Hunter, merchant, William Inglis, counselor-at-law, and the Reverend Charles J. Jones, minister of the Mariners' Church at the corner of Madison and Catharine streets, in the city of New York; or in case he shall not be such minister at the time of my death, then to whomsoever shall then be minister of the said church, or to such of the persons above named as shall prove this my last will and testament, and assume the burden of executing the same, and to the survivors and survivor of them; in trust, nevertheless, and to and for the following uses and purposes, that is to say: in trust, to collect the rents, issues and profits thereof, and therefrom to pay to my wife Johan Leary, the sum of $700 per annum during her natural life; and in case she shall have issue by me, living at the time of my death, to pay to her, instead of the said sum of $700 per annum, the sum of $1,000 per annum during the same period; which allowance is to be in full discharge of her dower or any other claim to my real and personal

estate; and in further trust, to apply what may remain of the said rents, issues and profits to the support and education of any issue that I may leave surviving me at the time of my death; and in further trust, from and immediately upon the decease of my said wife, to have and to hold the said property so given, devised and bequeathed, to and for the use and benefit of, and to convey the same to such child or children, or the issue of them, as I may leave surviving me at the time of my death. If there be but one child, the said child to take the whole of my said estate; if there be more than one, then such children to take the whole of my said estate equally amongst them, the issue of such as may be dead to take the share of its parent. And it is further my will, that in case I should leave no issue surviving me at the time of my death, then that my said trustees, or trustee, or the survivor of them, shall pay to the Society for Promoting the Gospel among Seamen in the Port of New York, by whatsoever name the said congregation, corporation or society is now known, or may hereafter be known, the surplus of the rents, issues and profits of my said estate, after paying the above allowance to my said wife during her natural life. And in further trust, from and immediately after the death of my said wife, to have and to hold all my said estate, both real and personal, to and for the absolute use and benefit of " The Society for Promoting the Gospel among Seamen in the Port of New York," and to convey the same to the said society. I recommend to the particular care of the said society, at their discretion, the Mariners' Church, at the corner of Madison and Catharine streets, in the city of New York, which I have been in the habit of attending. It is further my will that my said trustees, and the survivors and survivor of them, shall, out of the rents of my real estate, keep the buildings on my real estate in proper repair, and pay and discharge all taxes and assessments on the same. And that they may lease any of my real estate, in their discretion, for a

period of not exceeding five years from the expiration of any former term. And I hereby appoint the persons above named as trustees, executors of this my last will and testament, and guardians, with my said wife, during their minority, of the persons and estate of any child or children that I may leave.

The executor now brings his accounts into Court for a final settlement, and cites Johan Leary, the widow of the testator, and "The Society for Promoting the Gospel among Seamen in the Port of New York," to attend the settlement. The estate is all personal, and the balance in the hands of the executor, after payment of funeral expenses, expenses of administration, debts of the estate, and commissions, is $32,639.70. In directing distribution of this sum, the question of construction of the will, and of the validity of its bequests, necessarily comes up.

The act of 1860 (*Session Laws, chap.* 360, *p.* 607), provides: "No. person having a husband, wife, child or parent, shall, by his last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts; and such devise and bequest shall be valid to the extent of one-half and no more."

The bequest to the executors of this will, in trust, is therefore valid, to the extent of one-half the estate attempted to be bequeathed, and no more; as to the other half, the testator died intestate and without making any valid disposition.

I therefore adjudge that the executor invest and keep invested, according to the provisions of the will, the sum of $16,319.85, in trust, and that the annuity of Johan Leary is chargeable thereon, during her natural life; that the balance of the income of this fund belongs to the Society for Promoting the Gospel among Seamen, so long

as Mrs. Leary lives and the trust endures; upon her death the principal of this fund is to be held for the use of the society.

The other half of the distributive surplus of this estate goes as it would have gone had there never been a will. From the evidence before me, it appears that the testator left no issue him surviving, nor the descendants of any issue, no mother, no brother, no sister, nor the child of any brother or sister; the widow is therefore entitled to this sum of $16,319.85, in full of her distributive share on this accounting, and it must be decreed to be paid to her, by the executor.